(38 Misc. Rep. 763.)

### MECHANICS' & TRADERS' BANK v. OPPENHEIM et al.

#### (Supreme Court, Appellate Term. June, 1902.)

1. LAW PARTNERSHIP—AUTHORITY TO INDORSE NOTES—RATIFICATION.
   Whether or not a member of a partnership for the practice of law has authority to indorse notes with the firm name, the other partner will be bound where a note so indorsed is discounted, and the proceeds deposited to the firm's credit, as by accepting the benefits of the transaction he ratifies the act.

Appeal from city court of New York, general term.

Action by the Mechanics' & Traders' Bank against George Oppenheim and George M. Leventritt. From an order of the general term (76 N. Y. Supp. 990) affirming a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

G. A. Stearns, for appellants.

L. S. & A. M. Bing, for respondent.

PER CURIAM. The defendants constituted a partnership for the practice of law in this city. One Louis Hein, in August, 1898, made his promissory note, payable to the said firm of Oppenheim & Leventritt, for $225. Before maturity, the defendant Leventritt indorsed the firm name on said note, and had the same discounted. In September, 1898, one Isaac B. Brennan made his promissory note, payable to said firm of Oppenheim & Leventritt, for $150, which note,. before maturity, was indorsed with the firm name by said defendant Leventritt, and discounted. Both of these notes were protested for nonpayment, and the plaintiff, as owner, brought this action to recover on said notes against the said firm as indorsers thereof. The defendant Leventritt has not appeared in the action, but the defend-

ant Oppenheim put in an answer, alleging that the partnership was for the practice of law only, and that the notes were fully paid before the commencement of the action. The trial justice directed a verdict in favor of plaintiff, which judgment was affirmed by the general term, and an appeal taken by said Oppenheim to this court. It is the claim of Oppenheim that the transactions in question were not in the ordinary course of their firm business, and that, from a legal standpoint, the indorsement was not that of his firm. He also denies in his answer that he received notice of protest. On the trial, however, he offered no evidence, and there was no disputed question of fact presented by the testimony which the trial court could have submitted to the jury. It appears from the evidence adduced by the plaintiff that the proceeds of these notes so discounted went into the bank account of the said firm of Oppenheim & Leventritt, and thus to the benefit of both of the partners. It also is shown by the undisputed evidence that the notes were not paid, that they were protested, and that notice thereof was duly received by the defendants. Whatever authority or lack of authority the defendant Leventritt may have had for his course in the matter, his acts seem to have been ratified by the defendant Oppenheim in accepting the benefits arising from the transactions. As we have seen, the proceeds of the discounted notes went to the credit and passed under the control of Oppenheim as much as Leventritt. The defendant Oppenheim took a number of exceptions to the rulings of the court on the trial, none of which is of sufficient weight to warrant a reversal. The judgment and order appealed from are affirmed, with costs.

Judgment and order affirmed, with costs.